IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GMAC REAL ESTATE, LLC, )
)
Plaintiff, )
)
v. ) No. 05 C 0572
)
CANYONSIDE REALITY, INC. ET AL. )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff GMAC Real Estate, LLC ("GMAC")[1], invoking this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, filed a one count first amended complaint on February 18, 2005 alleging breach of contract against defendants Canyonside Realty, Inc., and Canyonside Reality, Inc.'s owners and principles Bonny J. Ross, Daniel A. Suhr, and Wanda Foster (collectively "Canyonside"). (Dkt. No. 8). On March 15, 2005, Canyonside filed its current motion to dismiss for lack of personal jurisdiction and improper venue, pursuant to Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure ("Rules"), or in the alternative to transfer this case, pursuant to 28 U.S.C. § 1404 or 28 U.S.C. § 1406, to the venue of the United States District Court for the District of Idaho. (Dkt. No. 15). For the reasons set forth below, Canyonside's motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative to transfer venue, is denied.

---

[1] GMAC Real Estate, LLC is wholly owned by GMAC Home Services, Inc. GMAC Home Services, Inc. originally entered into the franchise agreement with Canyonside at issue in this case and later assigned the franchise agreement to GMAC Real Estate, LLC. For purposes of the present motion, there appears to be no material difference between GMAC Real Estate, LLC and GMAC Home Services, Inc. so the court shall refer to them both as "GMAC."

## BACKGROUND

According to its first amended complaint, GMAC sells franchises to residential real estate brokerage offices throughout the United States. (Dkt. No. 8 at ¶ 1). Under the franchise agreement, the franchisee is allowed to use GMAC's trade and service marks. (*Id.*) In return, the franchisee pays GMAC transaction and advertising fees based on the commissions and fee income produced by the franchisee. (*Id.* at ¶ 12). The agreement provides GMAC with a right to inspect and audit the franchisee's accounting records and books in order to determine whether the franchisee is making the appropriate fee payment to GMAC. (*Id.* at ¶ 13).

GMAC is currently a limited liability company existing under the laws of the State of Delaware having its principle place of business in Illinois.[2] (*Id.* at ¶ 1). Canyonside is an Idaho company with its principle place of business in Idaho (*Id.* at ¶3), and the individual defendants are all Idaho citizens and residents. (*Id.* at ¶¶ 4-6). GMAC and Canyonside entered into a franchise agreement in 1999 that allowed Canyonside to operate GMAC franchises in Idaho. The individual defendants also personally guaranteed Canyonside's obligations for the first eighteen months following the consummation of the 1999 agreement up to a total liability of $15,000. (*Id.* at ¶ 11).

When GMAC and Canyonside entered into the franchise agreement at dispute in this case in 1999, GMAC had its principle place of business in New Jersey. The parties' briefs disagree as

---

[2] Since limited liability companies are analogized to partnerships, GMAC Real Estate LLC is a citizen for diversity jurisdiction purposes in every state where any of its member owners is a citizen. *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). GMAC's first amended complaint asserts that its only member is GMAC Home Services Inc. which is a Delaware Corporation and has its principle place of business in Illinois. The complaint states that the defendants are all Idaho residents.

to when GMAC moved its offices to Illinois, GMAC stating February 4, 2002 (Dkt. No. 21 at pg. 7), Canyonside saying it was in early 2003. (Dkt. No. 16 at pg. 5).

GMAC alleges that upon auditing Canyonside's books and records, it determined that Canyonside owed GMAC an additional $86,230.21 due to under reporting by Canyonside. (Dkt. No. 8 at ¶ 15-17). GMAC alleges that Canyonside abandoned its contract instead of paying GMAC so the total sum now due to GMAC is $132,906.11. (*Id.* at ¶ 23).

Canyonside argues for dismissal or transfer to Idaho because it is an Idaho business run by Idaho residents who have never engaged in any type of contact with Illinois. It states that it has no assets, property or bank accounts in Illinois, that all communications creating the franchise agreement occurred between Idaho and New Jersey, its owners and employees never traveled to Illinois in connection with the franchise agreement, that no payments under the agreements have ever been sent to Illinois, all reports were created in Idaho, the audit that resulted in the alleged under reporting of fees occurred in Idaho and it has never sent any emails or made any telephone calls to Illinois. (Dkt. No. 16 at pg. 6-7).

GMAC counters that this is an Illinois case because Canyonside is attempting to break its contract with an Illinois company. According to GMAC, Canyonside has had a series of on going communications with GMAC when GMAC was located in Illinois including financial reports and requests for reimbursements. GMAC's position is that Canyonside has been doing business with an Illinois company over an extended period of time, so Canyonside should not be surprised when it is sued in an Illinois court.

## STANDARD OF REVIEW

GMAC, as the plaintiff, "bears the burden of demonstrating the existence of personal jurisdiction" over Canyonside. *Waldock ex rel. John H. Waldock Trust v. M.J. Select Global, Ltd.*, No. 03 C 5293, 2004 WL 2278549, at *2 (N.D. Ill. Oct. 7, 2004) (citing *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549 (7th Cir. 2004); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997)). "A plaintiff need only make a *prima facie* showing that jurisdiction over a defendant is proper." *Budget Rent a Car Corp. v. Crescent Ace Hardware*, No. 03 C 930, 2003 WL 21673932, at *2 (N.D. Ill. July 16, 2003) (citing *Michael J. Neuman & Assoc., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724-25 (7th Cir. 1994)). "The court may receive and consider affidavits from both parties" on the question of jurisdiction. *Interlease Aviation Investors II v. Vanguard Airlines, Inc.*, 254 F. Supp. 2d 1028, 1031 (N.D. Ill. 2003) (citing *Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 208 F. Supp. 2d 918, 922 (N.D. Ill. 2002)). The "court must also resolve all factual disputes in the plaintiff's favor and accept as true all uncontroverted allegations made by both plaintiffs and defendants." *Softee Mfg., LLC v. Mazner*, No. 03 C 3367, 2003 WL 23521295, at *2 (N.D. Ill. Dec. 18, 2003) (citing *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir. 1988); *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987); *Allman v. McGann*, No. 02 C 7442, 2003 WL 1811531, at *2 (N.D. Ill. Apr. 4, 2003)).

## ANALYSIS

A. Personal Jurisdiction

"A Federal District Court in Illinois has personal jurisdiction over a party involved in a diversity action only if Illinois courts would have personal jurisdiction." *Michael J. Neuman & Assocs., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994). "An Illinois state

court has personal jurisdiction when the Illinois long-arm statute, the Illinois state constitution and the due process clause of the federal constitution authorize it." *Joy v. Hay Group, Inc.*, No. 02 C 4989, 2003 WL 22118930, at *3 (N.D. Ill. Sept. 11, 2003) (citing *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000); *Quantum Color Graphics, LLC v. Fan Ass'n Event Photo GmhH*, 185 F. Supp. 2d 897, 902 (N.D. Ill. 2002); *Jones v. Sabis Educ. Sys., Inc.*, 52 F. Supp. 2d 868, 883 (N.D. Ill. 1999)).

The "Illinois long-arm statute authorizes personal jurisdiction to the constitutional limits," so the analysis of the Illinois long-arm statute collapses into the constitutional analysis. *Mitchell v. Shiffermiller*, No. 03 C 4794, 2004 WL 178188, at *2 (N.D. Ill. Jan. 14, 2004) (citations omitted); *see* 735 ILCS 5/2-209(c) (proving the long-arm statute to assert jurisdiction to the constitutional limit). Furthermore, although the Illinois Supreme Court has made clear to note that the Illinois constitutional due process requirement is distinct from the federal requirement, *see Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990), "the Seventh Circuit has suggested that since there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction ... the two constitutional analysis blend together." *One Point Solutions, Inc. v. Webb et al.*, No. 04 C 3850, slip op. at 4-5 (N.D. Ill. Jan. 5, 2005) (citing *Wasendorf v. DBH Brokerhaus AG*, No. 04 C 1904, 2004 WL 2872763, at *2 (N.D. Ill. Dec. 13, 2004) (internal citations omitted)).

Personal jurisdiction under the federal due process clause requires that "the defendants must have minimum contacts with the forum state such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 716 (7th Cir. 2002) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945) (citations omitted)). Minimum contacts sufficient to support the exercise of personal jurisdiction is established when the defendants' contacts with the forum demonstrate that the "defendants purposefully avail themselves of the privileges of conducting activities within the forum state," *Wasendorf*, No. 04 C 1904, 2004 WL 2872763, at *3 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)), and the "defendants should reasonably anticipate being haled into court" in the forum state. *Id.* (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Personal jurisdiction can be categorized as either: (1) general jurisdiction or (2) specific jurisdiction. "A defendant is subject to general jurisdiction in Illinois when the defendant is domiciled in Illinois or where the defendant has continuous and systematic general business contacts with the forum." *Budget Rent a Car Corp.*, No. 03 C 930, 2003 WL 21673932, at *2 n.5 (internal citations omitted). "Specific jurisdiction exists when 'the defendant has a lessor degree of contact with the state [than in a general jurisdiction case], but the litigation arises out of or is related to those contacts.'" *Wasendorf*, No. 04 C 1904, 2004 WL 2872763, at *3 (citing *Logan Prod. v. Optibase*, 103 F.3d 49, 52 (7th Cir. 1996)). This is a specific jurisdiction case.

The court agrees with GMAC's analysis on the jurisdiction issue and holds that there is personal jurisdiction over the Canyonside defendants. There is substantial evidence presented by GMAC of an ongoing business relationship between Canyonside and GMAC while GMAC was located in the Illinois. The exhibits included in GMAC's response of April 12, 2005 demonstrates that Canyonside was purposefully availing itself of the privilege of doing business in Illinois during 2003 and 2004. (Dkt. No. 21). Canyonside submitted financial reports and requests for financial reimbursements based on those financial reports to GMAC in Illinois. It

also sent letters to GMAC in Illinois discussing issues that it had with its business relationship with GMAC and sought support from GMAC in an effort to improve the franchisor / franchisee relationship with GMAC.

The court also agrees with GMAC that the most significant factual event bearing on the question of jurisdiction is the alleged breach of contract by GMAC. The alleged breach of contract occurred when Canyonside sent its letter repudiating its franchise agreement in February 2004. That letter, like other letters written by Canyonside to GMAC during the 2003-2004 period, were addressed to GMAC's office in Oak Brook, Illinois. During this period, Canyonside was aware that it was doing business with a company located in Illinois because that was the address that Canyonside was placing on its letters to GMAC.

The fact that Canyonside has never done business in Illinois, has no business presence in Illinois or has never been physically present in Illinois addresses the question of whether or not the court has general jurisdiction over Canyonside. GMAC, however, is attempting to assert specific jurisdiction, not general jurisdiction, over Canyonside. In a specific jurisdiction case, the court must look to the nature of the alleged breach, in this case the alleged breach of the 1999 franchise agreement which allowed Canyonside to operate GMAC franchises in Idaho. The breach of contract did not occur, as Canyonside suggested, by Canyonside's alleged under reporting of franchise revenue and non-payments to GMAC. The breach occurred when Canyonside sent the February 2004 letter repudiating the franchise agreement to GMAC. That event occurred while GMAC was located in Illinois.

There is also personal jurisdiction over the individual defendants since their liability is dependent on the actions of the corporation. This appears to be a closely-held corporation where

the individual defendants are carrying out the activities on behalf of the corporation. Therefore, if the court has jurisdiction over the corporation, it must also have jurisdiction over the individual defendants.

Canyonside carried on a business relationship with GMAC, a corporation located in Illinois, for a two year period. Canyonside sent communications and financial reports and sought franchise service support and financial compensation that it though it was owed under the franchise agreement. GMAC was located in Illinois during this activity. The breach of contract, caused by the sending of February 2004 repudiation of the franchise agreement, occurred through a letter sent to Illinois. Canyonside purposefully availed itself of the privilege of conducting a business relationship in Illinois and it could reasonably anticipate being sued in an Illinois court when that relationship soured.

B. Venue

1. Dismissal for Improper Venue

Canyonside also seeks dismissal due to improper venue pursuant to Rule 12(b)(3). It argues that the substantial portion of the events, such as the alleged non-payment of the franchise fee, the ceasing of the operation of the franchise and the alleged under reporting of the franchise income, occurred in Idaho, not Illinois.

GMAC may bring its suit before this court if "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district. 28 U.S.C. § 1391(b). As discussed above, GMAC is bringing a claim for an alleged breach of contract. The breach of contract allegedly occurred when Canyonside sent a letter to GMAC in Illinois repudiating the franchise agreement between the two parties in February 2004. The repudiation occurred upon receipt of

the letter by GMAC at its offices in Oak Brook, Illinois.

There are substantial events related to this case that occurred in Idaho, namely the audit that identified the alleged under reporting of franchise income, the preparation of the financial reports by Canyonside and the decision by Canyonside not to pay the franchise fees demanded by GMAC. These events, although related to the breach of contract claim, are not the prime event that gave rise to the claim. The primary event creating the breach of contract claim is the February 2004 repudiation letter. Venue is proper in this judicial district.

### 2. Transfer of Venue

Canyonside seeks a transfer of this case to the United States District Court for the District of Idaho. "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404. "[T]ransfer is appropriate if: (1) venue is proper in both the transferor and transferee district; (2) the transfer is consistent with the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice." *Mercantile Capital Partners v. Agenzia Sports, Inc.*, No. 04 C 5571, 2005 WL 351926, at *5 (N.D. Ill. Feb. 10, 2005) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Rouse Woodstock, Inc. v. Sur. Fed. Sav. & Loan Ass'n*, 630 F. Supp. 1004, 1007-08 (N.D. Ill. 1986)). Although the primary event creating the breach of contract claim is the repudiation letter, venue would be proper in either this district or in the District of Idaho, so the court will consider the convenience of the parties and witnesses and the interests of justice.

In evaluating the convenience to the parties and witnesses the court considers "(1) the plaintiff's choice of forum, (2) the site of the material events; (3) the access to evidence; (4) the

9

convenience of the witnesses and (5) the convenience to the parties of litigating in each forum." *Id.* at *6 (citing *Brandon Apparel Group v. Quitman Mfr. Co. Inc.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999); *College Craft Cos. Ltd. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995)). Neither district is clearly a better forum under this analysis. Both parties will have witnesses and evidence in their home state because their business records and associated employee custodians are located in their home state. The audit that identified the alleged under reporting of franchise income did occur in Idaho. However, as this court noted above, the key event is not the audit, but instead is the repudiation of the franchise contract through the February 2004 letter. Since neither state is clearly more convenient to the parties and witnesses, the court will not interfere with the plaintiff's chosen forum.

The interests of justice also do not suggest that this case should be transferred to the District of Idaho. Although the parties have presented various statistical information as to both court's docket and the speed that each court disposes of cases, neither court is clearly superior in terms of the speed in which it addresses cases. There is also no legal issue present in this case that requires the transfer to a court with specialized experience because this case involves a straight forward breach of contract claim.

## CONCLUSION

For the reasons set forth above, defendant Canyonside's motion to dismiss for lack of personal jurisdiction or improper venue, or in the alternative to transfer venue, is denied. Defendant Canyonside is ordered to file an answer to plaintiff GMAC's amended complaint on or before June 30, 2005. Counsel are advised to hold a Rule 26(f) conference and file a jointly completed Form 35 signed by counsel for each party on or before July 14, 2005. This case is set for a

report on status and entry of a scheduling order at 9:00am on July 19, 2005.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: June 15, 2005